UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **LELAND FOSTER**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:19-cv-13159 |
| v. | ) | |
| | ) | |
| **CPLG PROPERTIES L.L.C..,** a Delaware | ) | Judge: |
| limited liability company, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

---

## COMPLAINT FOR EQUITABLE RELIEF

Plaintiff, LELAND FOSTER, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., Counsel for Plaintiff, and Valerie J. Fatica, Co-Counsel for Plaintiff, hereby files this Complaint against Defendant **CPLG PROPERTIES, L.L.C.**, a Delaware limited liability company for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1.  This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2.  The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

1

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government, and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3.      Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*.  The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## **PARTIES**

4.      Plaintiff, LELAND FOSTER  ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5.      Defendant **CPLG PROPERTIES, L.L.C.** operates and owns a La Quinta located at 12888 Reeck Rd, Southgate, MI 48195 in Wayne County. Plaintiff has patronized Defendant's hotel and business previously as a place of public accommodation.

6.      Upon information and belief, the facilities owned by **CPLG PROPERTIES, L.L.C.** are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA.  Defendant's facilities as a hotel and place of public accommodation fails to comply with the ADA and its regulations, as also described further herein.

2

7.   Plaintiff is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.  Plaintiff has twice been an overnight hotel guest at the property that forms the basis of this lawsuit, most recently on or about August 22, 2019, and he plans to return to the property to avail himself of the goods and services offered to the public at the property.

8.   Plaintiff is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community, including weekly adaptive tennis, frequent adaptive rock wall climbing, kayaking, adaptive hand cycle events and skiing in Southeast Michigan.  Through his participation in adaptive sports, Leland Foster has established many friendships in the area with whom he socializes regularly and with whom he frequents many establishments in the Wayne County region.  Frequently his trips and events require overnight accommodations.

9.   During the Plaintiff's stays, and most recently on the night of August 22, 2019, Plaintiff encountered architectural barriers at the subject property that violate the ADA and its regulations.  The barriers to access at the property have endangered Plaintiff's safety.

10.  Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access,

3

or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

12.     The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages

4

and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13.     The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14.     A preliminary inspection of La Quinta, including its facilities, has shown that many violations of the ADA exist.  These violations include, but are not limited to:

Type and Number of Designated Accessible Guestrooms

A.  There are no designated accessible guestrooms equipped with roll-in showers, whereas for a hotel with 100 guestrooms a minimum of one is required, in violation of the ADA whose remedy is readily achievable.

B.  The Defendant's hotel offers varied types, prices and classes of lodging options but does not disperse accessible accommodations among the types, instead locating them only in one type, an overnight guest room with one full size bed, in violation of the ADA whose remedy is readily achievable.

The Designated Mobility Accessible Guestrooms and Guestroom #121

C.  The bathtub in the designated accessible guestroom contains insufficient clearance in front of it, whereas clearance in front of bathtubs should extend the length of the bathtub and be 30 inches wide minimum, in violation of the ADA whose remedy is readily achievable.

D.  The bathtub is missing grabs bars and those that do exist are not compliant, in violation of the ADA whose remedy is readily achievable.

E.  The hotel's accessible guestroom bathroom is missing a permanent or removable in-tub seat, in violation of the ADA whose remedy is readily achievable.

F.  The hotel's accessible guestroom shower spray unit is mounted in excess of allowable range, in violation of the ADA whose remedy is readily achievable.

G.  The hotel's accessible guestroom shower spray unit fails to provide on/off controls, in violation of the ADA whose remedy is readily achievable.

H.  The hotel's accessible guestroom bathroom water closet have non-compliant grab

bars, whereas the rear grab bar is a non-compliant length, in violation of the ADA whose remedy is readily achievable.

I.   The hotel's accessible guestroom bathroom toilet paper dispenser is not mounted in the required location in front of the water closet measured to the centerline of the dispenser, in violation of the ADA whose remedy is readily achievable.

J.   The water closet side grab bar use impaired by toilet paper dispenser mounted above and within 12 inches in violation of the ADA whose remedy is readily achievable.

Lobby Restroom

K.   The hotel lobby's restroom contains amenities such as hooks and paper towel dispensers mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

L.   The hotel lobby's restroom lavatory lacks required knee and toe clearance for wheelchair users, in violation of the ADA whose remedy is readily achievable.

M.   The bathroom toilet paper dispenser is not mounted in the required location in front of the water closet measured to the centerline of the dispenser, in violation of the ADA whose remedy is readily achievable.

N.   The water closet side grab bar use impaired by a seat cover dispenser mounted above and within 12 inches in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

O.   The lobby registration and service counter surface exceeds 36 inches in height above the finish floor and the alternate writing surface provided does not offer equivalent facilitation, in violation of the ADA whose remedy is readily achievable.

P.   There are no breakfast area dining surfaces with required knee and toe clearance for patrons who use wheelchairs for mobility, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

Q.   The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in contravention of the ADA whose remedy is readily achievable.

15.    The discriminatory violations described in Paragraph 14 by Defendant **CPLG PROPERTIES, L.L.C.** are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.   The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above.   The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.   In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

16.    Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17.    The hotel at issue, as owned and operated by **CPLQ PROPERTIES, L.L.C.**, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18.    Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will

continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

19.  The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm.  Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

20.  Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 *et seq.*

21.  Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22.  **R.A.X.I. DEVELOPMENT CORPORATION** operates a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

23.  Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendant has denied Mr. Foster and others with mobility impairment handicap compliant transient lodging without undertaking readily achievable

barrier removal.

24.   Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

_Counsel for Plaintiff:_

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone
valeriefatica@gmail.com
*Admitted to bar of the E. District of MI